## KELLY *v.* STATE OF MARYLAND

[No. 33, September Term, 1973.]

*Decided October 31, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Michael E. Kaminkow, Assigned Public Defender,* for appellant.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

The petitioner, Christopher Columbus Kelly, following his manslaughter conviction by a jury in the Criminal Court of Baltimore, appealed to the Court of Special Appeals which affirmed in *Kelly v. State,* 16 Md. App. 533, 298 A. 2d 470 (1973). We granted certiorari in order to examine the propriety of the *"Allen*-type" [1] portion of Judge Solomon Liss' instructions to the jury. In this review, we extrapolate from and expand upon the precepts established by this Court in *Leupen v. Lackey,* 248 Md. 19, 234 A. 2d 573 (1967). In that civil case, we approved the *Allen*-type charge as given there, and, by way of dicta, established the parameters for such an instruction in all jury cases, including criminal causes.

As we were at the time of our decision in *Leupen,* we are still cognizant of the fact that, despite the United States Supreme Court's refusal to reject its holding in *Allen v. United States,* 164 U. S. 492, 17 S. Ct. 154, 41 L. Ed. 528 (1896),[2] the *Allen*-type charge has come under considerable

---

**1.** The term *"Allen* charge" is derived from Allen v. United States, 164 U. S. 492, 17 S. Ct. 154, 41 L. Ed. 528 (1896). This case approved the use of an instruction in which the jury was specifically asked to conciliate their differences and reach a verdict. Since that case, the exhortation used there has been presented employing diverse language, which is why we, in this opinion, refer to such an instruction or one merely reminding the jury of its responsibilities, as an *"Allen*-type" charge.

**2.** Kawakita v. United States, 343 U. S. 717, 72 S. Ct. 950, 96 L. Ed. 1249 (1952), *aff'g* 190 F. 2d 506 (9th Cir. 1951); Lias v. United States, 284 U. S. 584, 52 S. Ct. 128, 76 L. Ed. 505, *aff'g* 51 F. 2d 215 (4th Cir. 1931); Burton v. United States, 196 U. S. 283, 25 S. Ct. 243, 49 L. Ed. 482 (1905). While we

criticism [3] and has absorbed much judicial time and effort. Two state supreme courts, Montana and Arizona, have rejected its use in any form; [4] and three United States Circuit Courts of Appeal as well as the Supreme Court of Pennsylvania, [5] have announced that they would only accept a recitation of the charge as circumscribed by the American Bar Association's *Standards Relating to Trial by Jury (Standards)*, § 5.4 (1968). [6]

recognize that the denial of certiorari is in no way a decision on the merits, the refusal by the Supreme Court to accept for review cases which involve *Allen* charges is at least an indication that the Court is still unwilling to overrule its prior holding. *See, e.g.,* Hale v. United States, 435 F. 2d 737 (5th Cir. 1970), *cert. denied,* 402 U.S. 976 (1971).

**3.** By way of criticism some courts have referred to an *Allen*-type charge as the "dynamite charge," Green v. United States, 309 F. 2d 852 (5th Cir. 1962); the "nitroglycerin charge," Huffman v. United States, 297 F. 2d 754 (5th Cir. 1962) (Brown, J. dissenting); the "shotgun instruction," State v Nelson, 63 N. M. 428, 321 P. 2d 202 (1958), and even the "third degree instruction," Leech v. People, 112 Colo. 120, 146 P. 2d 346 (1944). Added to the list of detractors are the authors of various law review articles. Note, *The Allen Charge Dilemma,* 10 Am. Crim. L. Rev. 637 (1972); Note, *Due Process, Judicial Economy and the Hung Jury: A Reexamination of the Allen Charge,* 53 Va. L. Rev. 123 (1967); Comment, *Deadlocked Juries and Dynamite: A Critical Look at the Allen Charge,* 31 U. Chi. L. Rev. 386 (1964).

**4.** State v. Randall, 137 Mont. 534, 353 P. 2d 1054 (1960); State v. Thomas, 86 Ariz. 161, 342 P. 2d 197 (1959).

**5.** United States v. Thomas, 449 F. 2d 1177 (D.C. Cir. 1971); United States v. Brown, 411 F. 2d 930 (7th Cir. 1969), *cert. denied,* 396 U. S. 1017 (1970); United States v. Fioravanti, 412 F. 2d 407 (3d Cir.), *cert. denied,* 396 U. S. 837 (1969); Commonwealth v. Spencer, 442 Pa. 328, 275 A. 2d 299 (1971).

**6.** These *Standards* read as follows:

"Length of deliberations; deadlocked jury.

(a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:

(i) that in order to return a verdict, each juror must agree thereto;

(ii) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(iii) that each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(iv) that in the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(v) that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

(b) If it appears to the court that the jury has been unable to agree, the

Despite this criticism, we agree with the statement contained in the comment accompanying the ABA *Standards* that "[i]t is appropriate ... for the court to give or repeat to the jury an instruction on its responsibilities in the course of deliberations." *Standards*, Commentary to § 5.4 (b), at 156. It is for this reason we reaffirm what was said in *Leupen*. In fact, the petitioner does not recommend that this Court ought to eliminate the use of an *Allen*-type charge in Maryland. Instead, he urges that because:

> "It would seem clear then that in order to avoid the problem of extensive appellate review surrounding such charges, the better position would be ... that the ABA Jury Standards be approved and that any deviation from said standards by the Trial Court shall constitute reversible error."

And, it is because these *Standards* were not precisely followed by Judge Liss that the petitioner presses us to reverse his conviction for manslaughter and remand the case for a new trial. However, we are not convinced of the need to imprison the trial judges of this State within the walls of foreordained verbiage. Therefore, we decline to accept petitioner's suggestion.

In so doing, we reiterate what Judge McWilliams said for the Court in *Leupen v. Lackey*, 248 Md. at 25, that:

> "It must not be supposed that an *Allen* charge is proper in every case. There well may be facts and circumstances in a given case which would make such a charge either inadvisable or require the trial judge to exercise great care [in the selection of appropriate words] and restraint in presenting it to the jury."

---

court may require the jury to continue their deliberations and may give or repeat an instruction as provided in subsection (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

(c) The jury may be discharged without having agreed upon a verdict if it appears that there is no reasonable probability of agreement."

Clearly, the person in the best position to weigh these "facts and circumstances" is the trial judge. From his vantage point he has the opportunity to surmise which of the phrases in his instructions have been absorbed and which should be embellished or repeated. As every case is different and each jury panel unique, the decisions as to whether to utilize an *Allen*-type charge, when to employ it, and what words should be selected are best left to the sound discretion of the trial judge. We say this with the caveat which always accompanies such a delegation of judicial function — this discretion may be abused and those cases in which it has been an appellate court will not hesitate to set aside.

In an effort to be of assistance to the trial courts of this State, we suggest the following guidelines for employment of the *Allen*-type charge:

1. Though not required, it is always proper to use the following ABA approved *Allen*-type instruction before the jury begins its deliberations:

> "The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.
>
> It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.
>
> You are not partisans. You are judges — judges of the facts. [In criminal cases substitute the following: Since this is a criminal case, you are

judges — judges of both the law and the facts.] Your sole interest is to ascertain the truth from the evidence in the case." Instruction 8.11 of *Jury Instructions and Forms for Federal Criminal Cases*, 27 F.R.D. 39, 97-98 (1961).

This instruction or one similar will also meet with our approval if given to the entire venire (as is frequently done in a number of the circuits of this State) when it first reports for jury duty.

2. If a trial judge chooses to personalize his *Allen*-type instruction, he has greater latitude in doing so when the charge is given before the jury retires to consider the case. The use of language at variance with that recommended by the ABA is nevertheless acceptable if it is similar to that approved by this Court in *Leupen* or reasonably adheres to the *Standards* set out by the Bar Association.

3. After the jury has been sequestered to deliberate, we think it advisable that a trial judge, who decides to give an *Allen*-type charge because of an apparent deadlock, should closely adhere to the wording of the ABA recommended instruction. If he does not, the language selected will be subjected to careful scrutiny in order for it to be determined whether the province of the jury has been invaded and the verdict unduly coerced. In addition, as ample time for discussion and consideration of the issues should be allowed before such a charge is given or repeated, the interval from the onset of deliberation, in view of the complexity of the case, will be considered in examining whether there was an abuse of discretion in giving the instruction at the time the trial judge selected.

We now examine the objected to portion of the charge given in this case. Here, before the jury began its deliberation, Judge Liss, as part of his general instructions told the members of the panel:

"May I say to you when you retire to consider this case it may well be that there will be a difference of opinion between you. If that is so, that is not something to be concerned about because

obviously when there are three days of testimony it's not unlikely that there may be some difference. What I ask you to do is for each of you to consult with each other, to consider the testimony as it has been given. In those instances where you cannot conscientiously agree with the majority, then you should maintain your own position. On the other hand you should not out of stubbornness refuse to alter your position, whether it is for innocence or guilt merely because you are not willing to listen to the arguments of the other jurors. There must be some give and take between you. There must be some understanding between you and it is up to you to determine for yourselves whether or not you can conscientiously agree as to what the verdict should be in this case. It make no difference whether you originally start out in the minority or the majority. In every case you are the final arbiters of your own conscience and you must decide whether or not you can agree to reach a verdict in this case."

As this instruction was delivered *before* the jury was excused to deliberate and as the words are similar to those which the ABA suggested, they clearly fall within guideline number two and we cannot say that the minor deviations in the choice of words employed by Judge Liss went beyond the bounds of what is permitted in the exercise of his discretion. We accordingly affirm the decision of the Court of Special Appeals upholding the petitioner's conviction.

*Judgment of the Court of Special*
*Appeals affirmed.*