490 A.2d 682

**Charles Vincent GOODMUTH**

v.

**STATE of Maryland.**

**Kenneth Franklin Pierce BEACH**

v.

**STATE of Maryland.**

**Nos. 38 and 76, Sept. Term, 1984.**

Court of Appeals of Maryland.

April 9, 1985.

Michael R. Malloy, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant in both cases.

Deborah K. Chasanow, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee in both cases.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

ELDRIDGE, Judge.

The single issue in both of these criminal cases is whether the trial judges erred in giving traditional *Allen* instructions [1] before the juries began their deliberations.

In No. 38, Charles Goodmuth was indicted in the Circuit Court for Howard County on charges of burglary, theft and malicious destruction of property, and he elected a jury trial. After defining the offenses charged, the trial judge concluded his jury instructions with the following language:

"You are instructed that your verdict must be unanimous. You are further instructed that there are many cases in which absolute certainty cannot be expected. Although the verdict must be the verdict of each individual juror as a result of his own conviction and not a mere acquiescence of the conclusions of his fellows, each one of you should examine the questions submitted with candor and *with proper regard and deference to the opinion of your fellow jurors.* It is your duty to decide this case if you can conscientiously do so, and you should listen *with a disposition to be convinced* to each other's argument. *If your views are contrary to those of the vast majority, you should consider whether your views, which make no impression on the minds of so many equally intelligent jurors, are correct.*" (Emphasis added.)

Defense counsel objected to the instruction, but his objection was overruled.

---

1. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

Following closing arguments, the jury retired. After slightly more than two and one-half hours of deliberation, the jury returned its verdicts. The defendant Goodmuth was found guilty on the charges of burglary and malicious destruction of property. He was also found guilty on one charge of theft and not guilty on two other theft counts.

On appeal Goodmuth argued *inter alia* that the above-quoted jury instruction should not have been given. The Court of Special Appeals, however, affirmed in an unreported opinion. While acknowledging that the instruction was identical to the instruction disapproved by this Court in *Burnette v. State,* 280 Md. 88, 371 A.2d 663 (1977), and that the "trial judge was skating on thin ice in giving the instruction," the intermediate appellate court held that reversal was not required because the instruction, instead of being given to a deadlocked jury, was given before the jurors began to deliberate. Thereafter we granted Goodmuth's petition for a writ of certiorari.

In No. 76, Kenneth Franklin Pierce Beach was charged, also in the Circuit Court for Howard County, with rape and related offenses, and he elected a jury trial. As in *Goodmuth,* before the jury in the *Beach* case retired the trial judge gave an instruction concerning the jurors' responsibilities with regard to their deliberations. While given by a different trial judge, the instruction was absolutely identical to the previously quoted instruction in the *Goodmuth* case. Beach's attorney objected to the instruction, and the objection was overruled. The jury acquitted Beach of first degree rape but convicted him of a second degree sexual offense and related crimes.

Beach appealed to the Court of Special Appeals, raising several issues including the propriety of the above-discussed jury instruction, and the intermediate appellate court affirmed in an unreported opinion. The Court of Special Appeals, relying upon language in *Kelly v. State,* 270 Md. 139, 144, 310 A.2d 538 (1973), held that the trial court's instruction was appropriate because it "was given *before*

the jury retired." Beach then filed a petition for a writ of certiorari. We granted the petition and ordered that the case be heard at the same time as the *Goodmuth* case.

The jury instruction challenged in these cases was essentially the same as the instruction approved in *Allen v. United States*, 164 U.S. 492, 501, 17 S.Ct. 154, 157, 41 L.Ed. 528 (1896). This instruction, often called the *"Allen* charge" or "traditional *Allen* charge," has been heavily criticized in recent cases as coercive. The principal focus of the criticisms has been the instruction's emphasis on the deference to be given to other jurors' opinions, its advice that one should listen to others with a "disposition to be convinced," and the admonition that those in the minority should reconsider their views which have made "no impression on the minds of so many equally intelligent jurors." *See Burnette v. State, supra,* 280 Md. at 93–100, 371 A.2d 663; *Kelly v. State, supra,* 270 Md. at 140–144, 310 A.2d 538. On the other hand, instructions concerning the responsibilities of jurors in the course of their deliberations, which have been modified by deleting the coercive language of the instruction given in the *Allen* case, have generally been approved in recent years. Such non-coercive instructions are sometimes referred to as *"Allen*-type charges" or "modified *Allen* charges" as opposed to "traditional *Allen* charges." *Burnette,* 280 Md. at 96–97, 371 A.2d 663; *Kelly,* 270 Md. at 143–144, 310 A.2d 538.

The first case in which this Court considered the propriety of a traditional *Allen* charge, and the only case in which this Court has upheld the use of the traditional charge, was *Leupen v. Lackey,* 248 Md. 19, 234 A.2d 573 (1967). *Leupen* was a civil action for damages for a back injury allegedly incurred in a motor vehicle accident. The jury, after three hours of deliberation, sent a note to the court stating: "If the jury is deadlocked but in favor of the defense does the verdict go to the defense?" 248 Md. at 21–22, 234 A.2d 573. The court, in response and over the plaintiff's objection, gave the jury a traditional *Allen* instruction. Then, after further deliberations, the jury re-

turned with a verdict in favor of the *plaintiff*. The plaintiff, dissatisfied with the amount of the award, took an appeal, contending that the instruction should not have been given. This Court upheld the use of the traditional *Allen* charge under the circumstances, relying upon cases in the United States Court of Appeals for the Fourth Circuit. *See* 248 Md. at 24–25, 234 A.2d 573.[2] Nevertheless, the Court in *Leupen* did issue a caution regarding the traditional *Allen* charge (*id.* at 25–26, 234 A.2d 573):

"It must not be supposed that an Allen charge is proper in every case. There well may be facts and circumstances in a given case which would make such a charge either inadvisable or require the trial judge to exercise great care and restraint in presenting it to the jury. In any case, however, it would be well for the court to keep in mind the language found in 1 Branson's *Instructions to Juries* (3rd ed. A. Reid 1960 Replacement).

'The trial judge may advise an unagreed jury of the importance of their reaching a verdict, if they can do so without surrendering their conscientious convictions. But he cannot go beyond that and say anything to the prejudice of either party. There is no prescribed language that he must use in this connection. What he may with propriety say must in a large measure be left to his good judgment. But as the exclusive right to agree or not to agree rests with the jury, the judge must not by threat or entreaty attempt to coerce a verdict or to exert his authority to force an agreement; nor must

---

**2.** The Fourth Circuit cases were *Orthopedic Equipment Co. v. Eutsler,* 276 F.2d 455 (4th Cir.1960); *Orton v. United States,* 221 F.2d 632 (4th Cir.1955); and *Wolin v. United States,* 211 F.2d 770 (4th Cir.1954). Those cases have subsequently been disapproved by the United States Court of Appeals for the Fourth Circuit, which has indicated that an *Allen* -type charge, if given at all, should be in the modified non-coercive form recommended by the American Bar Association and the Committee on the Operation of the Jury System of the Judicial Conference of the United States. *See United States v. Stollings,* 501 F.2d 954, 956 (4th Cir.1974), and cases there cited.

he under any circumstances or in any manner indicate the character of verdict that the jury should return.' "

The next case in this Court to consider the matter was *Kelly v. State, supra,* 270 Md. 139, 310 A.2d 538. Unlike the challenged instructions in *Leupen* and in the present case, the instruction at issue in *Kelly* was not a traditional *Allen* charge. The trial court in *Kelly,* before the jury began its deliberations, gave an *Allen*-type instruction regarding the jurors' responsibilities concerning deliberations. The instruction, however, did not contain the coercive language of the traditional *Allen* charge that a juror should deliberate "with proper regard and deference to the opinion of your fellow jurors" or that a juror should listen with a "disposition to be convinced," or that jurors in the minority "should consider whether your views, which make no impression on the minds of so many equally intelligent jurors, are correct." Instead, the charge in *Kelly,* while pointing to the need to consult with each other and the need to listen, emphasized that a juror should adhere to his conscientious opinion. The charge did not suggest deference to other opinions; it was not specifically directed to the minority as the group which should reconsider its views.[3]

---

**3.** The challenged instruction in *Kelly* was as follows (270 Md. at 144–145, 310 A.2d 538, emphasis added):

"'May I say to you when you retire to consider this case it may well be that there will be a difference of opinion between you. If that is so, that is not something to be concerned about because obviously when there are three days of testimony it's not unlikely that there may be some difference. What I ask you to do is for each of you to consult with each other, to consider the testimony as it has been given. *In those instances where you cannot conscientiously agree with the majority, then you should maintain your own position.* On the other hand you should not out of stubbornness refuse to alter your position, whether it is for innocence or guilt merely because you are not willing to listen to the arguments of the other jurors. There must be some give and take between you. There must be some understanding between you and it is up to you to determine for yourselves *whether or not you can conscientiously agree* as to what the verdict should be in this case. *It makes no difference whether you originally start out in the minority or the majority. In every case you are the final arbiters of your own*

The Court in *Kelly,* in an opinion by Judge Digges, began by stating that it would "extrapolate from *and expand upon* the precepts established by this Court in *Leupen v. Lackey....*" 270 Md. at 140, 310 A.2d 538, emphasis added. The Court then pointed to the criticisms of the *Allen* charge and the decisions of several courts "that they would only accept a recitation of the charge as circumscribed by the American Bar Association's Standards Relating to Trial by Jury (Standards), § 5.4 (1968)." *Id.* at 141, 310 A.2d 538. The Court went on to agree with the ABA *Standards* that it is often appropriate for a trial court to instruct the jury on its responsibilities in the course of deliberations. Therefore, the Court said, an *Allen*-type charge should not be eliminated as a matter of law. *Id.* at 142, 310 A.2d 538. Whether or not to utilize an *Allen*-type charge, and the particular words selected in giving an *Allen*-type charge, were deemed to be initially matters of trial court discretion, subject to reversal if abused. *Id.* at 143, 310 A.2d 538.

Next, the *Kelly* opinion suggested "guidelines for employment of the *Allen*-type charge." 270 Md. at 143, 310 A.2d 538. First, it stated that "it is always proper to use the ... ABA approved *Allen*-type instruction before the jury begins its deliberations," *ibid.*[4] The Court further said

---

*conscience* and you must decide whether or not you can agree to reach a verdict in this case.'"

**4.** The Court quoted the ABA approved instruction as follows (270 Md. at 143–144, 310 A.2d 538):

" 'The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of

that if the trial judge desires "to personalize his Allen-type instruction, he has greater latitude in doing so when the charge is given before the jury retires to consider the case." *Id.* at 144, 310 A.2d 538. Then, in a sentence seized upon by the Court of Special Appeals in the *Beach* case and by the State in both cases before us, the *Kelly* opinion commented that before the jury retires "the use of language at variance with that recommended by the ABA is nevertheless acceptable if it is similar to that approved by this Court in *Leupen,*" *ibid.* The Court in *Kelly* went on to state that, after the jury has retired to deliberate, "a trial judge, who decides to give an *Allen*-type charge because of an apparent deadlock, should closely adhere to the wording of the ABA recommended instruction." *Ibid.* Applying these guidelines, the Court upheld the instruction given in the *Kelly* case, as it was delivered before the jury retired "and as the words are similar to those which the ABA suggested," *id.* at 145, 310 A.2d 538.

The propriety of instructions concerning jurors' deliberation responsibilities was next, and most recently, considered by us in *Burnette v. State, supra.* In that case, four hours after it began deliberations, the jury sent a note to the trial judge that it could not decide one of the principal issues in the case, namely whether or not the defendant was sane at the time the alleged offenses were committed. The trial judge had the jurors return to the box and, over the defendant's objection, gave them a traditional *Allen* instruction. Thereafter the defendant was convicted. Holding that the giving of the traditional *Allen* instruction was error, this Court reversed the judgment and ordered a new trial.

---

evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges—judges of the facts. [In criminal cases substitute the following: Since this is a criminal case, you are judges—judges of both the law and the facts.] Your sole interest is to ascertain the truth from the evidence in the case.' Instruction 8.11 of *Jury Instructions and Forms for Federal Criminal Cases.* 27 F.R.D. 39, 97–98 (1961)."

The *Burnette* opinion attempted to clarify the *Kelly* opinion and the law in this State concerning instructions to jurors regarding their deliberation responsibilities. We again reviewed the many cases and other authorities which had criticized the language of the traditional *Allen* charge because of its coercive elements. 280 Md. at 92–95, 371 A.2d 663. We pointed out that the American Bar Association had become persuaded of the validity of these criticisms, and had "concluded that the traditional *Allen* charge should no longer be used." *Id.* at 94–95, 371 A.2d 663. After setting out the American Bar Association's suggested charge as approved in the *Kelly* case, the Court in *Burnette* flatly took the position that it is superior to the traditional *Allen* charge and avoids the coerciveness of that charge. *Id.* at 96–97, 371 A.2d 663. After reviewing the *Leupen* and *Kelly* cases, we stated that instructions which deviate from the ABA recommended charge will be "closely scrutinized to insure that they conform to the spirit of the American Bar Association's developed standards," and that the presence of the coercive "language constitutes reversible error." *Id.* at 98, 371 A.2d 663. Finally, with regard to the language in *Kelly* relating to the permissibility of a trial judge's "personalizing" the charge, the *Burnette* Court held that the language must in substance be the same as the ABA approved charge. We thus stated (*ibid.,* emphasis added):

"We do not, therefore, require that the exact wording of the American Bar Association's approved instruction be the only instruction a trial judge may employ. He may 'personalize' this charge, adopting minor deviations in language which adjust the charge to the circumstances encountered. This must, however, be done cautiously and in the spirit of the American Bar Association language. *Deviations in substance will not meet with our approval.*"

And we concluded (*id.* at 100–101, 371 A.2d 663):

"We reiterate, however, our approval of the American Bar Association suggested instruction, and we emphasize

further that the deviations from the American Bar Association standards permitted by *Kelly* are those primarily concerned with form and style. These types of minor word changes, which allow the instruction to be 'personalized,' remain properly within the province of the trial judge. Deviations in substance, however, are not permitted."

The *Burnette* opinion compels the rejection of the Court of Special Appeals' position in the two cases now before us. The factual situation in *Burnette* may have involved an instruction given after the jury retired to deliberate. Nevertheless, in disapproving the traditional *Allen* charge and requiring "in substance" the ABA recommended charge if a trial judge decides to give an instruction concerning jurors' deliberation responsibilities, the Court in *Burnette* did not distinguish between pre-deliberation and post-deliberation instructions. In fact, *Burnette* clearly indicated that no such distinction was intended insofar as the permissibility of a traditional *Allen* charge. In addressing that portion of the *Kelly* opinion dealing with a judge's latitude to "personalize his *Allen* -type instruction ... before the jury retires," [5] the *Burnette* opinion authorized only deviations from the ABA instruction which were "concerned with form and style," while stating that "[d]eviations in substance ... are not permitted." 280 Md. at 101, 371 A.2d 663.

Moreover, *Burnette* compared in detail the traditional *Allen* instruction given in that case with the ABA recommended instruction, and flatly concluded that the traditional *Allen* instruction was coercive.[6] Even when traditional

---

5. *Kelly v. State, supra,* 270 Md. at 144, 310 A.2d 538.

6. The Court in *Burnette* thus stated (280 Md. at 100, 371 A.2d 663): "The instruction in this case begins by telling the jurors that 'absolute certainty cannot be expected,' whereas the American Bar Association's recommended instruction begins by pointing out that the verdict must be 'the considered judgment of each juror' and must be unanimous. The *Allen* instruction here does pay passing attention

*Allen* instructions are given before juries retire to deliberate, the same coercion will frequently exist. We know from experience that in many cases juries are initially divided into majority and minority groups, and, whenever this occurs, the traditional *Allen* instruction given just before deliberations began may well impact upon the minority.

Therefore, under *Burnette v. State, supra*, the trial courts in these cases erred in giving traditional *Allen* charges.

JUDGMENTS OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASES REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENTS OF THE CIRCUIT COURT FOR HOWARD COUNTY AND REMAND THE CASES FOR NEW TRIALS. HOWARD COUNTY TO PAY COSTS.

---

to the important principle that honest judgment, and not mere acquiescence, should be that basis of a juror's decision, but it does so within a concessive clause: *'Although* the verdict must be ... [that] of each individual juror and not a mere acquiescence in the conclusions of his fellows.' Thus, the emphasis of the instruction falls upon the following clause, namely that questions are to be considered with 'proper regard and *deference* to the opinion of others.' Although a definition of the phrase 'proper regard and deference' is not given, the jury is later told that '[i]f your views are contrary to those of the vast majority you should consider whether your views, which make no impression on the minds of so many equally intelligent jurors, are correct.' It is difficult to imagine a minority juror who would not be placed in some discomfort on hearing this instruction. Criticism runs directly to *him,* and he might understandably conclude that proper 'deference' to the opinions of the majority demands that he abandon his conscientious position. The 'equally intelligent' majority, on the other hand, receives only flattering attention in this instruction. It is subjected to no criticism and receives, as such, no admonitions. If anything, the instruction might tend to unduly strengthen the majority's convictions, perhaps making the majority less willing to seriously engage in further deliberations. For, by tacitly affirming the 'intelligence' of the majority's position, the trial judge gives it the gloss of acceptability.

"In sum, we believe that the *Allen* instruction given in this case was coercive, and constituted reversible error."