THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD SMITH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 17, 1977, convicting him of burglary in the third degree, grand larceny in the third degree and official misconduct, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The sole issue on this appeal is whether there should be a reversal because of an improper charge on circumstantial evidence. This prosecution stems from an investigation by the Internal Affairs Division (hereinafter IAD) of the Police Department into police corruption. Officers from IAD "planted" chemically treated money in an office in a certain commercial building and summoned the target officers, including the defendant, to the premises for the purported purpose of investigating a report of men seen leaving the building. Videotapes were made of the target officers as they entered and left the subject premises. One of the videotapes shows the defendant leaving the building with what appears to be a bulge under his jacket. When the target officers finally left the scene, the IAD officers entered the office and discovered that the "bait" money was missing. Within two and one-half hours after he first reported to the scene, the defendant and his clothing were subjected to tests to reveal traces of the treated money. The results of these tests were negative. Also fruitless were searches of the defendant's police vehicle, locker and private automobile. The bait money was never recovered. The bulk of the direct evidence consisted of: (1) the testimony from IAD officers that they had placed the money in the office and that it was subsequently missing (i.e., a crime had been committed); and (2) the videotape which showed the defendant with what appeared to be a bulge under his jacket. However, as to the ultimate issue of whether the defendant was the actual perpetrator, the evidence was wholly circumstantial. Therefore, it was necessary to clearly and completely charge that "for guilt to be proven beyond a reasonable doubt the hypothesis of guilt should flow naturally from the facts proved, and be consistent with them; and the facts proved must exclude 'to a moral certainty' every reasonable hypothesis of innocence" (see *People v Benzinger*, 36 NY2d 29, 32). That charge is required whenever there is a significant risk that the "trier of facts may leap logical gaps in the proof offered and draw unwarranted conclusions based on probabilities of low degree" *(People v Benzinger, supra,* p 32), and the necessity for so charging is not negated by the introduction of direct evidence which does not go to the fundamental issue of a particular defendant's guilt. In this case the court's charge was inadequate and so confusing as to create the real possibility that the jury may have lost sight of the basic standard that guilt must be established beyond a reasonable doubt. The confusion stems from the court's repeated use of language to the effect that the jury could choose the more reasonable of two inferences. A particularly egregious example is the instruction that "If you find that it is

more reasonable that Gerald Smith did this then anybody else whose names have been mentioned in this case, if you find that inference more reasonable than all the others, then *you* are free, you don't have to, but you are free to draw the inference that it was Gerald Smith." The confusion was compounded by the court's earlier instruction that if the evidence is entirely circumstantial, then the inference of guilt may be drawn only if it is the only reasonable inference. This creates the improper impression that a lesser standard was required in this case where the evidence was characterized as a mixture of direct and circumstantial. This confusion would have been avoided if the court had simply charged that the inference of guilt must flow naturally from the circumstantial evidence and that every hypothesis other than guilt must be excluded to a moral certainty. Although this precise language is not required, it is preferred because it best insures that unwarranted conclusions will not be drawn. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.