■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GIAMANCO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 23, 1977, convicting him of burglary in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. We find that certain errors and omissions made during the court's charge may have confused the jury about the burden of proof in this case. As the evidence against the appellant was wholly circumstantial, the court should have charged that the inference of guilt must flow naturally from the circumstantial evidence and that every hypothesis other than guilt must be excluded to a moral certainty. Such language is preferred because it best insures that unwarranted conclusions will not be drawn (see *People v Smith,* 63 AD2d 661). It was also improper for the court to note that its instructions on circumstantial evidence had been given at defense counsel's request (see *People v McLucas,* 15 NY2d 167; *People v Strawder,* 54 AD2d 743). Finally, the jury was never advised that the burden of proving guilt beyond a reasonable doubt attached to each material element of the crimes charged. This omission, combined with the court's failure to explain "reasonable doubt", was error (see CPL 70.20; *People v Newman,* 46 NY2d 126). The cumulative effect of the foregoing errors served to deprive appellant of a fair trial. We have considered appellant's remaining contentions and have found them to be lacking in merit. Damiani, J. P., Gulotta, Margett and Mangano, JJ., concur.