## RALPH DUPONT DAVIS AND STEVEN GEORGE THOMAS v. STATE OF MARYLAND

[No. 1116, September Term, 1980.]

*Decided April 14, 1981.*

The cause was argued before GILBERT, C. J., and THOMPSON and MOYLAN, JJ.

*Gary W. Christopher, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellants.

*Michael A. Anselmi, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Mark Cohen, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Article 23 of the Declaration of Rights to the Maryland Constitution provides that a jury in a criminal case "shall be Judges of Law, as well as the fact." The Court of Appeals in *Stevenson v. State,* Md. , 423 A.2d 558 (1980), has

very recently (December 17, 1980), considerably altered the application of this provision of our Constitution holding:

"Implicit in the decisions of this Court limiting the jury's judicial role to the 'law of the crime' is a recognition that all other legal issues are for the judge alone to decide. Because of this division of the law-judging function between judge and jury, it is incumbent upon a trial judge to carefully delineate for the jury the following dichotomy: (i) that the jury, under Article 23, is the final arbiter of disputes as to the substantive 'law of the crime,' as well as the 'legal effect of the evidence,' and that any comments by the judge concerning these matters are advisory only; and (ii) that, by virtue of this same constitutional provision, all other aspects of law (e.g., the burden of proof, the requirement of unanimity, the validity of a statute) are beyond the jury's pale, and that the judge's comments on these matters are binding upon that body. In other words, the jury should not be informed that all of the court's instructions are merely advisory; rather only that portion of the charge addressed to the former areas of 'law' may be regarded as non-binding by it, and it is only these aspects of the 'law' which counsel may dispute in their respective arguments to the jury." *Id.* 423 A.2d at 565.

Relying upon this holding, the appellants here, Ralph Dupont Davis and Steven George Thomas, contend that the Criminal Court of Baltimore committed reversible error when it refused a request that the jury be instructed that, even though they were judges of the law, they were bound by the trial court's instruction that the burden was upon the State to prove their guilt beyond a reasonable doubt. We agree.[1]

---

1. The retroactivity of Stevenson v. State, *supra* is not in issue here. This case is covered by the principle laid down in McClain v. State, 288 Md. 456, 419 A.2d 369 (1980), in which the Court held that even though one of its decisions was not retroactive, it would apply nonetheless where the point

The State first contends that the appellants' objection was not sufficient to preserve the issue, because it constituted "a frontal one against the jury's role under the Maryland Constitution and not a peripheral one asking for instructions of one or more of the limitations upon that role." *Jones v. State,* 29 Md. App. 182, 204, 348 A.2d 55 (1975), *rev'd on other grounds,* 279 Md. 1, 367 A.2d 1 (1976), *cert. denied,* 431 U.S. 915 (1977). We are unable to follow the State's argument. The basis for the objection was quite clear; it was the failure of the trial judge to instruct the jury that they were bound by the judge's instruction concerning the burden of proof. Even if the basis for the objection is not explicitly stated, the objection was still sufficient, under the principles set forth in *Sergeant Co. v. Pickett,* 283 Md. 284, 388 A.2d 543 (1978). There the Court, construing Rule 554 d and e, the civil counterpart to the Criminal Rule 757 f,[2] said at 288-89:

---

was raised below and the appellant simply sought to have the same principle applied to his case, which was pending at the time of the decision. The Court said:

"This case is unlike many cases in which a retroactive application of a new rule has been sought in that it is not a collateral attack on a prior judgment nor is it one on direct review where the point was not raised in the trial court and it is sought to be raised on appellate review. Here, as we have already held, the point was raised below and McClain simply seeks to have applied in his case the same rule which was applied in Johnson's case." *Id.* 288 Md. at 463.

*See also,* Lewis v. State, 285 Md. 705, 724, 404 A.2d 1073 (1979).

**2.** Maryland Rule 554 d provides:

"If a party has an objection to any portion of any instruction given, or to any omission therefrom, or the failure to give any instruction, he shall before the jury retires to consider its verdict make such objection stating distinctly the portion, or omission, or failure to instruct to which he objects and the ground of his objection. Opportunity shall be given to make the objection in open court out of the hearing of the jury upon application either orally or in writing, made before or after the conclusion of the charge."

Maryland Rule 554 e provides:

"Upon appeal a party in assigning error in the instructions, shall be restricted to (1) the particular portion of the instructions given or the particular omission therefrom or the particular failure to instruct distinctly objected to before the jury retired and (2) the grounds of objection distinctly stated at the time, and no other

"The reason for Rule 554 d and e, as this Court stated in *Fisher v. Balto. Transit Co.,* 184 Md. 399, 402, 41 A.2d 297 (1945), 'is obviously to enable the trial court to correct any inadvertent error or omission in the oral charge, as well as to limit the review on appeal to those errors which are brought to the trial court's attention.' In this manner, the trial judge is afforded 'an opportunity to amend or supplement his charge if he deems an amendment necessary.' *State v. Wolleyhan Transport Co.,* 192 Md. 686, 689-90, 65 A.2d 321 (1949). Succinctly put, then, the rule is designed to afford the trial judge and opposing counsel ample opportunity to be informed of the nature and grounds of the exception. Indeed, no special form is required for the objection and no ground need even be stated 'where the record makes clear that all parties and the court understood the reason for the objection.' *Exxon Corp. v. Kelly,* 281 Md. 689, 694 n.6, 381 A.2d 1146 (1978).

It is obvious to us that in the instant case all persons involved below clearly understood that the appellants desired an instruction that the jury was bound by the trial court's instruction concerning burden of proof beyond a reasonable doubt.

Neither are we impressed by the state's argument that the charge complied with the *Stevenson* requirements even though they were given before *Stevenson* was decided. The appellants made a specific request as to the burden of proof which was denied. This is a clear violation of the *Stevenson*

---

errors or assignments of error in the instructions shall be considered by the appellate court."

Maryland Rule 757 f states:

"If a party has an objection to any instructions, to any omission therefrom, or to the failure to give an instruction he shall make the objection on the record before the jury retires to consider its verdict and shall state distinctly the matter or omission, or failure to instruct to which he objects and the grounds of his objection. Upon request of any party, the court shall receive objections out of the hearing of the jury."

478

language, and we therefore reverse the appellants' robbery convictions.

We do not reach the other issues raised by the appellants.

*Judgments reversed.*
*Case remanded for a new trial.*
*Costs not reallocated pursuant to Maryland Rule 1082f.*