## DAVID WAYNE ROBERTSON v. STATE OF MARYLAND

[No. 99, September Term, 1982.]

*Decided April 5, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Joseph F. Murphy, Jr.,* for appellant.

*Richard B. Rosenblatt, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

PER CURIAM:

We granted certiorari in this case to consider whether the Criminal Court of Baltimore committed reversible error when it declined to instruct the jury that it was bound by the trial court's instructions that the burden was upon the State to prove the defendant guilty beyond a reasonable doubt. The Court of Special Appeals in an unreported opinion concluded that the issue had not been preserved for

appellate review and affirmed the defendant's convictions. We think the issue was properly preserved. The defendant's counsel made clear to the trial judge that even though the jury was the judge of the law under Article 23 of the Maryland Declaration of Rights, he was entitled to an instruction that the court's comments on the burden of proof were not merely advisory but were binding upon the jury. Failure to give the requested instruction constituted reversible error. *See Stevenson v. State*, 289 Md. 167, 423 A.2d 558 (1980); *Montgomery v. State,* 292 Md. 84, 437 A.2d 654 (1981); *Davis v. State,* 48 Md. App. 474, 427 A.2d 1085 (1981).

> *Judgment of the Court of Special Appeals reversed; case remanded to that Court with instructions to remand the case to the Circuit Court for Baltimore City for a new trial; costs to be paid by the State of Maryland.*